UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LISA GILLIAM, on behalf of herself
and all others similarly situated,

              Plaintiff,

vs.                              Case No. 2:11-cv-454-FtM-29SPC

WAL-MART STORES EAST, LP, a Foreign
Limited Partnership doing business
as WAL-MART SUPERCENTER,

              Defendant.
_____

## ORDER

This matter comes before the Court on defendant's Tender of Full Payment and Dispositive Motion to Dismiss Complaint With Prejudice (Doc. #25) filed on December 21, 2011. Plaintiff filed a Response (Doc. #27) on December 28, 2011, opposing the motion. Upon Order (Doc. #28) requesting a reply, defendant filed a Reply (Doc. #29) on January 12, 2012.

In responses to the Court's Interrogatories (Doc. #21-1), plaintiff sought a total of $583.50 plus liquidated damages for unpaid overtime compensation under the Fair Labor Standards Act. Defendant did not admit any liability but tendered $1,167.00 "to render Plaintiff's claim moot." (Doc. #25, ¶ 8.) The amount covers both the overtime and liquidated damages, and plaintiff does not dispute this fact. Plaintiff argues that damages are not fully compensated because attorney's fees and costs are excluded.

Upon review, the Court finds that, as in <u>Dionne</u>, there has been no judicial determination of a prevailing party and defendant has not admitted the allegations in the Complaint. The Eleventh Circuit made it clear that the term "prevailing party" does not authorize an award of fees "*without* a corresponding alteration in the legal relationship of the parties." <u>Dionne v. Floormasters Enters., Inc.</u>, 647 F.3d 1109, 1113 (11th Cir. 2011). Although plaintiff wishes to have the tender of payment construed as a settlement agreement for judicial approval, no settlement agreement occurred in this case and the matter was never submitted for approval by the Court. The Court will grant the motion and dismiss the Complaint pursuant to <u>Dionne</u>.

Accordingly, it is now

**ORDERED**:

Defendant's Tender of Full Payment and Dispositive Motion to Dismiss Complaint With Prejudice (Doc. #25) is **GRANTED** and plaintiff's Complaint (Doc. #1) is dismissed with prejudice as moot. The Clerk shall enter judgment accordingly, terminate all deadlines and motions as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this   13th   day of January, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record