UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LISA GILLIAM, on behalf of herself and all others similarly situated,

Plaintiff,

vs. Case No. 2:11-cv-454-FtM-29SPC

WAL-MART STORES EAST, LP, a Foreign Limited Partnership doing business as WAL-MART SUPERCENTER,

Defendant.

___________________________________

**OPINION AND ORDER**

This matter comes before the Court on defendant's Tender of Full Payment and Dispositive Motion to Dismiss Complaint With Prejudice (Doc. #25) filed on December 21, 2011. Plaintiff filed a Response (Doc. #27) on December 28, 2011, opposing the motion. Upon Order (Doc. #28) requesting a reply, defendant filed a Reply (Doc. #29) on January 12, 2012.

In responses to the Court's Interrogatories (Doc. #21-1), plaintiff sought a total of $583.50 plus liquidated damages for unpaid overtime compensation under the Fair Labor Standards Act. Defendant did not admit any liability, but tendered $1,167.00 "to render Plaintiff's claim moot." (Doc. #25, ¶ 8.) The amount covers the full amount of both the overtime and liquidated damages, and plaintiff does not dispute this fact. Plaintiff argues, however, that the money did not constitute "full relief" because attorney's fees and costs were not included.

On January 13, 2012, the Court entered an Order (Doc. #30) granting the motion. The Court found there had been no judicial determination of a prevailing party and defendant had not admitted the allegations in the Complaint. Relying on Dionne, the Court found that the term "prevailing party" did not authorize an award of fees "*without* a corresponding alteration in the legal relationship of the parties." Dionne v. Floormasters Enters., Inc., 647 F.3d 1109, 1113 (11th Cir. 2011)(Dionne I)(emphasis in original)(citing Buckhannon Board & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001)). The Court then stated: "Although plaintiff wishes to have the tender of payment construed as a settlement agreement for judicial approval, no settlement agreement occurred in this case and the matter was never submitted for approval by the Court. The Court will grant the motion and dismiss the Complaint pursuant to Dionne." (Doc. #30, p. 2.)

As luck would have it, on the same day the Eleventh Circuit vacated and withdrew its opinion in Dionne I, and substituted a new opinion. Dionne v. Floormasters Enters., Inc., ___ F.3d ___, 2012 WL 104906 (11th Cir. Jan. 13, 2012)(Dionne II). The Court then entered an Order (Doc. #31) vacating its prior Order (Doc. #30). Both sides were provided the opportunity to supplement their positions in light of the new opinion (Doc. #33), and both sides have filed supplemental memoranda (Docs. ## 34, 35).

The issue in Dionne I/Dionne II was "whether an employer, who denies liability for nonpayment for overtime work, must pay attorney's fees and costs pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") if the employer tenders the full amount of overtime pay claimed by an employee, and moves to dismiss on mootness grounds where the employee concedes that 'the claim for overtime should be dismissed as moot.'" Dionne II, 2012 WL at *1. The Eleventh Circuit "conclude[d] that, under such circumstances, the dismissal of the employee's complaint, without an award of attorney's fees, is not erroneous pursuant to § 216(b) because the District Court did not award judgment to the employee as the prevailing party." Id. The Eleventh Circuit found that Dionne "is not a 'prevailing party' in this action because, in granting Floormasters' motion to dismiss this lawsuit for lack of subject matter jurisdiction, the District Court did not award a judgment in his favor." Id. at *7. Footnote 5 to this sentence stated:

> Our decision in this matter addresses a very narrow question: whether an employee who conceded that his claim should be dismissed before trial as moot, when the full amount of back pay was tendered, was a prevailing party entitled to statutory attorney's fees under § 216(b). It should not be construed as authorizing the denial of attorney's fees, requested by an employee, solely because an employer tendered the full amount of back pay owing to an employee, prior to the time a jury has returned its verdict, or the trial court has entered judgment on the merits of the claim.

Id. at *7, n.5. The parties dispute the significance of footnote 5.

In this case, the fact pattern is identical to Dionne II except that plaintiff herein does not concede mootness. Not only has plaintiff's counsel not cashed the check, but he now reports that it has been returned to defendant. Defendant argues that mootness is a subject matter jurisdiction issue, and subject matter jurisdiction cannot be created or lost simply by the consent or lack of consent by the parties.

The Court, of course, takes Dionne II at its word that Dionne II "should not be construed as authorizing the denial of attorney's fees, requested by an employee, solely because an employer tendered the full amount of back pay owing to an employee, . . ." Id. 2012 WL at *7, n.5. An order dismissing a complaint with prejudice is a "judgment", since Fed. R. Civ. P. 54(a) defines "judgment" to mean "a decree and any order from which an appeal lies," and an appeal lies from an involuntary order of dismissal, Robinson v. Federal Nat'l Mortg. Ass'n, 673 F.2d 1247, 1249 (11th Cir. 1982). The Court need not decide the attorney fees issue, however, because defendant's motion simply asks for an order dismissing the Complaint with prejudice as moot, and plaintiff has not yet presented a separate motion to the Court for attorney's fees.[1] The undisputed facts establish that the case is moot because the full

[1] Although the Response (Doc. #27) sought approval of the settlement offer and judgment in plaintiff's favor with a reservation of jurisdiction to determine attorney's fees and costs, no such motion has been presented to the Court pursuant to Fed. R. Civ. P. 7(b).

amount of damages owed to plaintiff and requested by plaintiff were tendered to counsel.

Accordingly, it is now

**ORDERED:**

1. Defendant's Tender of Full Payment and Dispositive Motion to Dismiss Complaint With Prejudice (Doc. #25) is **GRANTED** and plaintiff's Complaint (Doc. #1) is dismissed with prejudice as moot.

2. Pursuant to Federal Rule of Civil Procedure 58, the Clerk shall enter judgment dismissing the case with prejudice as moot, terminate all deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this 10th day of February, 2012.

John E. Steele
**JOHN E. STEELE**
**United States District Judge**

Copies:
Counsel of record