UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LISA GILLIAM, on behalf of herself
and all others similarly situated,

    Plaintiff,

vs.                                CASE NO.: 2:11-cv-454-JES-SPC

WAL-MART STORES EAST, LP
d/b/a WAL-MART SUPERCENTER,
a Foreign Limited Partnership,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER [DE 36] DISMISSING HER COMPLAINT WITH PREJUDICE**

COMES NOW Plaintiff, LISA GILLIAM, and moves the court for reconsideration of its Order [Doc 36]. In support Plaintiff states as follows:

1. On February 10, 2012, the Court entered an Order [36] granting Defendant's Motion To Dismiss [Doc 25] dismissing Plaintiff's Complaint with prejudice and entered Judgment [37].

2. This action was brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. to recover unpaid back wages, minimum wages pursuant to 29 U.S.C. §206, overtime wages pursuant to 29 U.S.C. §207, and an additional equal amount of liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

3. The Defendant alleged that Gilliam's overtime and liquidated damages claims total $1,167.00, and that its tender of a check in that amount satisfied her claims.

4. However, the Plaintiff never conceded her claim was moot, rejected the tender

and returned the check to the Defendant.

5. Regardless of whether the alleged tender constituted satisfaction of Gilliam's overtime and liquidated damages claims, the alleged tender does not resolve all of the issues before the Court because Gilliam's claims also included claims for attorney's fees, costs and declaratory relief, that have not been resolved. See ¶ 1 Page 1 of Plaintiff's Complaint (Doc 1).

6. The Court dismissed Plaintiff's claims moot [Order DE 36] even though Plaintiff is not in possession of the tendered settlement funds. If the Court does not reconsider the dismissal of this action as moot then Plaintiff submits a Motion for Attorney's Fees and Costs for the Court's consideration. *See Exhibit A attached hereto.*

7. Pursuant to Local Rule 3.01(g) Counsels for Plaintiff and Defendant have conferred and Defendant's Counsel objects to this motion.

**MEMORANDUM OF LAW**

**I.  STANDARD ON MOTION**

The Federal Rules of Civil Procedure do not provide for the filing of motions for reconsideration. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991). However, it is widely recognized that Rule 59(e) encompasses motions for reconsideration. *See* Wright v. Preferred Research, Inc., 891 F.2d 886, 889 (11th Cir.1990).

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.' Courts have recognized three (3) grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new

evidence; and (3) the need to correct clear error or manifest injustice ... Moreover, the refusal to grant relief in a motion for reconsideration is reviewed under an abuse of discretion standard." Villaflores v. Royal Venture Cruise Lines, 1997 U.S. Dist. LEXIS 18727, *6 (M.D.Fla.1997) (citations omitted); *see also* Reyher v. Equitable Life Assur. Soc., 900 F.Supp. 428, 430 (M.D.Fla.1995)(same). Furthermore, motions for reconsideration are not to be used "to raise arguments, which could and should have been made earlier." Id. (*quoting* Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir.1990)). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co., 2005 WL 1053691 (citing Lamar Advertising of Mobile, Inc., v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D.Fla.1999)).

Plaintiff files this motion based on the third prong, clear error or manifest injustice. Respectfully, Plaintiff argues that the Court made a clear error when it dismissed this action as moot based upon Dionne I and Dionne II[1] opinion because the facts in this case do not fit within the narrow holding in the Dionne opinion which **requires a concession of mootness** and Plaintiff has not received all requested relief for attorney's fees, costs and declaratory relief.

## II.  COURT APPROVAL OF AN FLSA SETTLEMENT IS REQUIRED

This Circuit has recognized that a claim for overtime can only be dismissed upon approval of the settlement or supervised by the Secretary of Labor. *See* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Thus, in order for the Court to dismiss this case, it had to either approve a compromised settlement or make a

---

[1] Dionne v. Floormasters Enterprises, Inc., 647 F.3d 1109 (11th Cir. 2011) and

determination that Plaintiff had been paid in full without compromise. Otherwise, the case cannot be dismissed.

As a practical matter, if an employee was offered full relief in a similar FLSA case and the Defendant denied liability and refused to pay attorney's fee and costs, then the employee's claim would be compromised because the employee would have to pay his or her attorney pursuant to a contingency agreement. This clearly is not what Congress intended when it enacted the FLSA and applicable provisions because it included a provision for the prevailing employee to have its employer reimburse it's attorney for attorney's fees and costs.

### III. ATTORNEY'S FEES ARE PART OF THE DAMAGES TO WHICH PLAINTIFF IS ENTITLED UNDER FLSA. 29 U.S.C. §216(b)

In this matter, Plaintiff's Counsel has not moved for attorney's fees and costs pursuant to 216(b) because this case had not been settled though attorney's fees are part of the damages to which Plaintiff is entitled under FLSA. 29 U.S.C. §216(b). Thus, by tendering an amount to Plaintiff for back wages and liquidated damages, Defendant is not making the Plaintiff whole. If Plaintiff were not to receive her attorney's fees and costs in addition to back wages and liquidated damages, then she would be liable for her own attorney's fees. The Plaintiff being liable for her own attorney's fees is in direct contravention to the requirements of the FLSA, which prescribes that attorney's fees are mandatory for prevailing plaintiffs. 29 U.S.C. § 216(b).

In a recent similar action, Honorable Judge James D. Whittmore concluded that "[a]llowing the Defendants to avoid responsibility for Plaintiff's attorney's fees merely by tendering full payment after litigation has commenced would run counter to the

---

Dionne v. Floormasters Enterprises, Inc., No. 09-15405 (11th Cir. Jan. 13, 2012).

4

FLSA's goal of fully compensating the wronged employee. *See*, Klingler v. Phil Mook Enterprises, Inc., 8:11-cv-01586, Order dated September 14, 2011.

## CONCLUSION

Plaintiff was represented free of charge by the Berke Law Firm, P.A. a law firm dedicated to helping Plaintiffs recover their unpaid wages and overtime compensation. Pursuant to the public policy considerations behind the fee-shifting provision of the FLSA as detailed above, Plaintiff requests that this Honorable Court reconsider its dismissal [Order DE 36] as moot of plaintiff's action and alternatively retain jurisdiction for an award of Plaintiff's Counsel attorney's and paralegal's fees and costs.

WHEREFORE Plaintiff, LISA GILLIAM, respectfully requests the Court reconsider its Order [36] dismissing this case as moot and without retaining jurisdiction for attorney's fees and costs.

Respectfully submitted,

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 21, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Peter W. Zinober, Esq. and Jay P. Lechner, Esq. GREENBERG TRAURIG, P.A., 625 E. Twiggs Street, Suite 100, Tampa, FL 33602.

BERKE LAW FIRM, P.A.

By:   /s/ Bill B. Berke
Bill B. Berke
Florida Bar No. 0558011
berkelaw@yahoo.com
1003 Del Prado Blvd., Ste. 300
Cape Coral, FL 33990
Telephone: (239) 549-6689
Facsimile: (239) 549-3331
*Attorney for Plaintiff*