**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

LISA GILLIAM, on behalf of herself
and all others similarly situated,

    Plaintiff,

vs.                                    CASE NO. 2:11-CV-00454-JES-SPC

WAL-MART STORES EAST, LP
d/b/a WAL-MART SUPERCENTER,
a Foreign Limited Partnership,

    Defendant.
_____/

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

The Court should deny Plaintiff Lisa Gilliam's Motion for Reconsideration [Doc. 38] because the Court's Order granting Defendant's Motion to Dismiss was correctly decided and Plaintiff has failed to state any sufficient reason for the Court to reconsider the Order.

**A.    Plaintiff's Burden To Establish Basis For Reconsideration**

"Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." *Tardif v. People for Ethical Treatment of Animals*, 2011 WL 6004071, at *1 (M.D. Fla. Dec. 01, 2011). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). A motion for reconsideration must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to

reverse its prior decision. *Id.*; *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow*, 814 F. Supp. at 1072-73.

"A motion for reconsideration does not provide an opportunity to simply reargue - or argue for the first time - an issue the Court has once determined." *Tardif*, 2011 WL 6004071, at *1. *See also Stewart v. Warden, FCC Coleman-Low*, 2012 WL 45421, at *1 (M.D. Fla. Jan. 09, 2012) (merely repeating the grounds previously raised in movant's original filings is not a basis for reconsideration). Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsborough Cnty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

**B.    Plaintiff Has Failed To State Any Sufficient Reason For The Court To Reconsider Its Earlier Order**

Plaintiff contends she is seeking reconsideration because "the Court made a clear error when it dismissed this action as moot…." She asserts two arguments in support. Yet, these arguments are identical to those Plaintiff presented in her previous filings, including her Response to Defendant's Motion to Dismiss [Doc. 27] and Supplemental Brief in Opposition to Motion to Dismiss [Doc. 34].

First, Plaintiff asserts that the Court committed clear error because "Court approval of an FLSA settlement is required." [Doc. 38, p. 3]. This is the same argument Plaintiff made in pages 7 through 8 of her Response to Defendant's Motion to Dismiss [Doc. 27]. Moreover, as the Court observed in its Order, this argument fails because "no settlement agreement occurred in this case and the matter was never submitted for approval by the Court." [Doc. 36, p. 2].

Second, Plaintiff contends that the Court committed clear error because "attorney's fees are part of the damages to which Plaintiff is entitled under FLSA, 29 U.S.C. §216(b)." [Doc. 38, p. 4]. This is the same argument Plaintiff made in pages 4 through 6 of her Response to Defendant's Motion to Dismiss [Doc. 27]. In fact, the sole citation Plaintiff provides in support of this argument is *Klinger v. Phil Mook Enterprises, Inc.*, the opinion that has already been fully briefed by the parties. Moreover, Section 216(b) plainly states that attorneys' fees are allowable only "in addition to any judgment awarded to the plaintiff or plaintiffs." 29 U.S.C. § 216(b). No such judgment has been, nor could be, awarded in this case because Plaintiff's claims are moot.

Indeed, Plaintiff's Motion for Reconsideration is nothing more than Plaintiff's disagreement with the Court's ruling on issues already fully briefed. She does not contend that there has been an intervening change in controlling law. Similarly, she does not contend that any of her arguments are based on new evidence. Plaintiff may be disappointed with the Court's Order, but she has not offered any new facts or arguments that differ materially from the facts and arguments she proffered in

3

previous briefing addressed to these issues. Plaintiffs' disagreement or frustration with the Court's decision is not a basis for reconsideration. *See Jones v. McNeil*, 2008 WL 824225, at *1 (M.D. Fla. Mar. 26, 2008) ("Petitioner has not shown a change in controlling law, new evidence, or that the Court made a clear error resulting in manifest injustice. . . . Therefore, the Court finds that Petitioner's Motion for Reconsideration or Rehearing should be denied").

**C.     Conclusion**

Plaintiff's Motion for Reconsideration should be denied because the Court's Order granting Defendant's Motion to Dismiss was correctly decided and Plaintiff has failed to state any sufficient reason for the Court to reconsider the Order.

        Respectfully submitted,

        /s/ Jay P. Lechner
        Peter W. Zinober
        Florida Bar No. 121750
        Email: zinoberp@gtlaw.com
        Jay P. Lechner
        Florida Bar No. 0504351
        Email: lechnerj@gtlaw.com
        GREENBERG TRAURIG, P.A.
        625 E. Twiggs Street, Suite 100
        Tampa, FL  33602
        (813) 318-5700 - Telephone
        (813) 318-5900 - Facsimile
        Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 6, 2012 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

>Bill B. Berke, Esquire
>Berke & Lubell, P.A.
>1003 Del Prado Boulevard, Suite 300
>Cape Coral, FL  33990

>/s/ Jay P. Lechner
>Attorney